WESLEY J. SMITH (OSB # 252997)
wes@cjmlv.com
CHRISTENSEN JAMES & MARTIN, CHTD.
7440 W. Sahara Avenue
Las Vegas, Nevada 89117
Telephone: (702) 255-1718
*Attorneys for Plaintiffs Board of Trustees of the*
*Employee Painters' Trust, et al*

## UNITED STATES DISTRICT COURT DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| BOARD OF TRUSTEES OF THE EMPLOYEE PAINTERS' TRUST; BOARD OF TRUSTEES OF THE OREGON AND SOUTHWEST WASHINGTON PAINTERS PENSION TRUST FUND; BOARD OF TRUSTEES OF THE OREGON AND SOUTHWEST WASHINGTON PAINTERS APPRENTICESHIP AND TRAINING TRUST FUND; BOARD OF TRUSTEES OF THE OREGON AND SOUTHWEST WASHINGTON PAINTERS LABOR MANAGEMENT COOPERATION TRUST FUND; BOARD OF TRUSTEES OF THE SIGNATORY PAINTING CONTRACTORS ORGANIZATION INDUSTRY PROMOTION FUND; BOARD OF TRUSTEES OF THE PAINTERS AND ALLIED TRADES LABOR MANAGEMENT COOPERATION INITIATIVE; BOARD OF TRUSTEES OF THE FINISHING TRADES INSTITUTE, <br><br> Plaintiffs, <br><br> vs. <br><br> THE RODRIGUEZ CORPORATION, an Oregon corporation; FERNANDO LAWRENCE RODRIGUEZ, an individual, <br><br> Defendants. | CASE NO.: <br><br><br> COMPLAINT |

Complaint
CASE NO.
Page 1

CHRISTENSEN JAMES & MARTIN, CHTD.
7440 W. Sahara Ave., Las Vegas, NV 89117
P. (702) 255-1718 / wes@cjmlv.com
*Counsel for the Plaintiffs*

**COMPLAINT**

Plaintiffs, Board of Trustees of the Employee Painters' Trust; Board of Trustees of the Oregon and Southwest Washington Painters Pension Trust Fund; Board of Trustees of the Oregon and Southwest Washington Painters Apprenticeship and Training Trust Fund; Board of Trustees of the Oregon and Southwest Washington Painters Labor Management Cooperation Trust Fund; Board of Trustees of the Signatory Painting Contractors Organization Industry Promotion Fund; Board of Trustees of the Painters and Allied Trades Labor Management Cooperation Initiative; and Board of Trustees of the Finishing Trades Institute (collectively "Plaintiffs" or "Trusts"), by and through their counsel, Christensen James & Martin, Chtd., complain and allege as follows:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction of this case pursuant to Section 502(e)(1) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1132(e)(1), which grants the United States District Courts exclusive jurisdiction over civil actions brought by a fiduciary pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), to redress violations or enforce the terms of ERISA or an employee benefit plan governed by ERISA. Such jurisdiction exists without respect to the amount in controversy or the citizenship of the parties, as provided in Section 502(f) of ERISA, 29 U.S.C. § 1132(f).

2.      This court has jurisdiction of this case pursuant to Section 301(a) of the Labor Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. § 185(a), which grants the United States District Courts original jurisdiction over suits for violation of contracts between an employer and labor organization in an industry affecting commerce, without respect to the amount in controversy or the citizenship of the parties.

Complaint
CASE NO.
Page 2

CHRISTENSEN JAMES & MARTIN, CHTD.
7440 W. Sahara Ave., Las Vegas, NV 89117
P. (702) 255-1718 / wes@cjmlv.com
*Counsel for the Plaintiffs*

3. Venue is proper in this Court pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and Section 301(a) of the LMRA, 29 U.S.C. § 185(a), in that this is the Judicial District in which one or more of the Trusts are administered and where the contractual obligation is to be paid.

4. To the extent this Complaint sets forth any state law claims, this Court has supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367(a).

## PARTIES AND GENERAL ALLEGATIONS

5. The Employee Painters' Trust; Oregon and Southwest Washington Painters Pension Trust Fund; Oregon and Southwest Washington Painters Apprenticeship and Training Trust Fund; Oregon and Southwest Washington Painters Labor Management Cooperation Trust Fund; Signatory Painting Contractors Organization Industry Promotion Fund; Painters and Allied Trades Labor Management Cooperation Initiative; and Finishing Trades Institute are express trusts created pursuant to written declarations of trust ("Trust Agreements"), consistent with § 302(c) of the LMRA [29 U.S.C. § 186(c)], between various unions, including the International Union of Painters and Allied Trades District Council No. 5 and its associated Locals ("Union"), and various employer associations and independent employers, to which the Defendants are required to remit employee fringe benefit contributions pursuant to the terms of one or more collective bargaining agreements.

6. One or more of the Trusts exist to provide employee benefits to participants under a "multiemployer plan," "employee benefit plan," "employee benefit pension plan," and/or "employee welfare benefit plan," as the case may be, within the meaning of ERISA, 29 U.S.C. §1002(37), (2) and (3), to which one or more of the Defendants named herein are

Complaint
CASE NO.
Page 3

CHRISTENSEN JAMES & MARTIN, CHTD.
7440 W. Sahara Ave., Las Vegas, NV 89117
P. (702) 255-1718 / wes@cjmlv.com
*Counsel for the Plaintiffs*

required to make monetary contributions pursuant to the terms of one or more collective bargaining agreements.

7.    The Board of Trustees and the individual Trustees of each of the Trusts is a "named fiduciary," "plan administrator" and "plan sponsor" and each is an individual "fiduciary," within the meaning of 29 U.S.C. §§1102(a), 1002(16), & (21), with respect to collection of contributions due to the Trusts and related matters.

8.    At all times material herein, the Union has been a labor organization representing employees in the construction industry in Washington, Oregon, Alaska, Idaho, and Utah and surrounding areas, in an industry affecting commerce within the meaning of Section 301(a) of the LMRA, 29 U.S.C. § 185(a), to which the Defendants must make monetary contributions and remit employee withholdings (including dues check-off, administrative dues, market recovery program, vacation, and other deductions from wages) pursuant to the terms of one or more collective bargaining agreements under 29 U.S.C. § 186(c)(4), along with trust fund contributions at the Trusts' joint administrative office and central collection point in Portland, Oregon.

9.    Pursuant to the terms one or more collective bargaining agreements, all fringe benefit contributions, dues, deductions, and withholdings (collectively "Contributions") are to be paid at the Trusts' joint administrative office and central collection point in Portland, Oregon.

10.    Defendant THE RODRIGUEZ CORPORATION ("TRC") is an Oregon corporation with Registry Number 547494-87 and acting as a construction contractor under License Number 119019 issued by the Oregon Construction Contractors Board.

Complaint
CASE NO.
Page 4

CHRISTENSEN JAMES & MARTIN, CHTD.
7440 W. Sahara Ave., Las Vegas, NV 89117
P. (702) 255-1718 / wes@cjmlv.com
Counsel for the Plaintiffs

11. At all times material herein, Defendant TRC has been an "employer" as that term is defined under 29 U.S.C. § 152(2) of the Labor-Management Relations Act (LMRA) and 29 U.S.C. § 1002(5) of ERISA and has been engaged in an "industry or activity affecting commerce" as that term is defined in 29 U.S.C. §§ 142(1) and (3) of the LMRA and 29 U.S.C. § 1002(12) of ERISA.

12. Defendant FERNANDO LAWRENCE RODRIGUEZ ("Fernando Rodriguez") is an individual believed to be residing in the State of Oregon and is the Owner, President, Secretary, and Registered Agent of TRC.

13. Fernando Rodriguez is the primary officer, director, owner, principal and/or key employee of TRC, whose employment duties required decision making regarding the operations, procurement and negotiation of contracts, hiring/firing of work force, directing labor relations, project management, keeping corporate records and company books, managing financial affairs, payment of expenses and accounts payable, tracking employee hours, preparing and processing payroll, and remitting reports, Contributions and payments to the Trusts for each hour of covered labor performed.

14. At all times material herein, TRC has been party and signatory to the Oregon & Southwest Washington Master Area Agreement between I.U.P.A.T. District Council No. 5, Commercial, Industrial, & Bridge Painters of Local No. 10, and Signatory Painting Contractors Organization ("CBA") wherein TRC agreed to be bound to the terms and provisions of the CBA and each of the Trust Agreements.

15. At all times material herein, TRC has been obligated by the terms of the CBA and Trust Agreements to submit monthly reports to the Plaintiffs showing the hours worked by

Complaint
CASE NO.
Page 5

CHRISTENSEN JAMES & MARTIN, CHTD.
7440 W. Sahara Ave., Las Vegas, NV 89117
P. (702) 255-1718 / wes@cjmlv.com
Counsel for the Plaintiffs

its employees performing work covered under the CBA and to pay Contributions to the Trusts for all such work at the rates set forth in the CBA and applicable Schedule A / Rate Sheet.

16.     TRC is an "employer" as that term is understood and defined in the CBA and is an "employer" as that term is used in Section 3(5) of ERISA, 29 U.S.C. § 1002(5), and therefore, TRC is "obligated to make contributions to a multiemployer plan" within the meaning of Section 515 of ERISA, 29 U.S.C. § 1145.

17.     TRC is an "employer" engaged in "commerce" in an "industry affecting commerce," as those terms are defined and used in Sections 501(1) and 501(3) of the LMRA, 29 U.S.C. § 142(1) and (3), and within the meaning and use of Section 301(a) of the LMRA, 29 U.S.C. § 185(a).

18.     The CBA covers and applies to all painting work (as more particularly described in the CBA) performed by employees of TRC

19.     The CBA has not been terminated by either party.

20.     At all times material herein, TRC has been obligated by the terms of the CBA and Trust Agreements to properly pay Contributions to the Plaintiffs for health, welfare, pension, vacation, training, and other employee benefits on a monthly basis by the Due Date and at specified rates for each hour worked by the employees for covered labor performed, as set forth in the CBA and applicable Schedule A / Rate Sheet.

21.     Such Contributions are designated as H&W, Pension, Apprenticeship, PUMP, PUMP Training, Promotion Fund, Dues Check-Off, Market Recovery, IUPAT Admin, and Vacation on the CBA's Schedule A / Rate Sheet.

CHRISTENSEN JAMES & MARTIN, CHTD.
7440 W. Sahara Ave., Las Vegas, NV 89117
P. (702) 255-1718 / wes@cjmlv.com
Counsel for the Plaintiffs

22.     All Contributions required to be paid under the terms of the CBA are to be paid to the Plaintiffs at their joint administrative office and central collection point in Portland, Oregon.

23.     The Plaintiffs are the collections agents for all such Contributions.

24.     At all times material herein, TRC's monthly reports and payment of Contributions are due to the Trusts by the tenth (10th) day of the month and delinquent if not paid by the twentieth (20th) day of the month following the month in which the covered labor was performed.

25.     TRC is required to submit monthly remittance reports to the Plaintiffs whether or not any covered work was performed during the work month to be reported.

26.     As a result of the reporting and payment obligations imposed by the CBA, the Plaintiffs are intended beneficiaries of the CBA, and TRC is "obligated to make contributions to a multiemployer plan" within the meaning of Section 515 of ERISA, 29 U.S.C. § 1145.

27.     If TRC fails to timely remit reports and Contributions to the Plaintiffs at their administrative office in the State of Oregon, the CBA, Trust Agreements, and written Trust Policies ("Policies") require TRC to pay, in addition to the Contributions due, interest and liquidated damages to the Plaintiffs at rates determined by the Boards of Trustees.

28.     The Trust Agreements and Policies also require TRC to reimburse the Plaintiffs for any attorney's fees and costs incurred because of TRC's late payment or delinquencies.

29.     TRC submitted its remittance report for work performed in June 2025 without sufficient payment to cover the Contributions owed, resulting in a shortage of $2,381.50. TRC has not paid this shortage despite demand from the Trusts.

30.     TRC submitted its remittance report for work performed in September 2025

CHRISTENSEN JAMES & MARTIN, CHTD.
7440 W. Sahara Ave., Las Vegas, NV 89117
P. (702) 255-1718 / wes@cjmlv.com
*Counsel for the Plaintiffs*

without sufficient payment to cover the Contributions owed, resulting in a shortage of $12.51. TRC has not paid this shortage despite demand from the Trusts.

31.     During the period of 2021 through 2025, TRC failed to timely pay monthly Contributions several times, resulting in the assessment of interest and liquidated damages totaling $11,141.00 in accordance with the CBA, Trust Agreements, and Policies. TRC has not paid this amount despite demand from the Trusts.

32.     As a result of these delinquencies, the Trusts have incurred attorney's fees and costs, which have not been paid by TRC despite demand from the Trusts.

33.     TRC is required by ERISA, 29 U.S.C. § 1059, to maintain records sufficient to determine the benefits due or which may become due to individuals performing covered work on its behalf, including records of compensation, time worked, and work performed.

34.     As described in the CBA and Trust Agreements, Plaintiffs have a program for the routine and regular inspection, examination and audit of the payroll records of employers that are signatory to agreements requiring contributions to the Plaintiffs.

35.     The CBA and Trust Agreements require an employer to make their records available for such inspection.

36.     If it becomes necessary for the Plaintiffs to retain legal counsel to compel an employer to permit the examination of books or records, the Trust Agreements require the employer to reimburse the Plaintiffs for all attorneys' fees and costs and all audit fees incurred by the Plaintiffs, whether or not legal proceedings were instituted and whether or not such examination discloses that the employer has failed to make appropriate or timely contributions to the Plaintiffs.

37.     If an audit reveals an underpayment or deficiency in reporting or payment of

Complaint
CASE NO.
Page 8

CHRISTENSEN JAMES & MARTIN, CHTD.
7440 W. Sahara Ave., Las Vegas, NV 89117
P. (702) 255-1718 / wes@cjmlv.com
Counsel for the Plaintiffs

contributions, the CBA and Trust Agreements require the employer to pay to the Plaintiffs the underpaid contributions, plus accrued interest, liquidated damages, audit fees, attorney's fees and costs.

38.     Plaintiffs engaged a professional accounting firm ("Auditor") to conduct a payroll compliance review ("Audit") of TRC's records to test compliance with the reporting and payment obligations imposed by the CBA and Trust Agreements for the period of January 1, 2024 through March 31, 2025 ("First Audit Period").

39.     The Auditor found that TRC failed to timely and accurately report and pay contributions to the Plaintiffs for work performed during the First Audit Period and calculated that TRC owed the Plaintiffs $28,842.26 in contributions, $4,136.97 in liquidated damages (calculated through October 31, 2025), and $3,537.82 in interest (calculated through October 31, 2025). TRC has not paid these amounts despite demand from the Trusts.

40.     The Trusts also incurred $3,687.67 in payroll audit testing fees in relation to the Audit. TRC has not paid this amount despite demand from the Trusts.

41.     In total, the Trusts are owed at least $53,739.73 ("Delinquency") related to the delinquency issues described above, plus additional accrued interest, liquidated damages, attorney's fees and costs.

42.     Plaintiffs demanded payment of the Delinquency, but TRC failed to pay.

43.     Interest and liquidated damages will continue to accrue on the unpaid contributions until paid in full.

44.     TRC's report and Contribution obligations owed to the Trusts under the CBA and Trust Agreements are continuing.

Complaint
CASE NO.
Page 9

CHRISTENSEN JAMES & MARTIN, CHTD.
7440 W. Sahara Ave., Las Vegas, NV 89117
P. (702) 255-1718 / wes@cjmlv.com
*Counsel for the Plaintiffs*

45.     The Trusts are entitled to a judgment for all unpaid Contributions, interest, liquidated damages, audit fees, attorney's fees, and costs accrued through the date of entry of such judgment, including the amounts set forth above and any subsequently accruing delinquencies for the Defendants' failure to remit Contributions to the Trusts on an ongoing basis during any period of time in which TRC is bound to do so under the CBA and Trust Agreements.

46.     Plaintiffs are entitled to audit TRC's payroll and related records for the time of April 1, 2025 through the present date ("Second Audit Period") to test compliance with the report and payment obligations under the CBA and determine if any additional amounts are owed by TRC to the Plaintiffs.

47.     The Trust Agreements permit the Boards of Trustees to require that an employer post a cash bond or fringe benefit bond issued by a reputable surety company to help ensure that past, present, and future Contributions are paid.  The bond may be required if the employer has history of delinquent or late payment of Contributions, has failed to pay required Contributions by the due date for consecutive months, a lawsuit has been filed against the employer to collect delinquent Contributions and/or related charges, or there are other facts and circumstances which, in the opinion of the Boards of Trustees, indicate there is a reasonable likelihood that the employer will not pay contractually required Contributions by the due date in the future. The Boards of Trustees have the authority to determine the amount of the bond.

48.     In the event an employer refuses to provide a bond after being requested to do so, Plaintiffs may institute a lawsuit to enforce the applicable provisions of the Trust Agreements. In the event the Plaintiffs prevail in the lawsuit, the Trust Agreements expressly require that the employer reimburse the Plaintiffs for their attorney's fees and collection costs.

CHRISTENSEN JAMES & MARTIN, CHTD.
7440 W. Sahara Ave., Las Vegas, NV 89117
P. (702) 255-1718 / wes@cjmlv.com
Counsel for the Plaintiffs

49.     Based on the facts and circumstances set forth above and that a lawsuit has been filed against TRC as a result of the delinquencies described herein and pursuant to the express terms of the Trust Agreements, the Boards of Trustees have determined that TRC must post a fringe benefit bond or other acceptable security in favor of the Plaintiffs to secure the payment of past, present, and any future Contributions and/or related charges, including interest, liquidated damages, attorney's fees, and costs.

50.     By agreeing to the terms and conditions of the CBA, Fernando Rodriguez separately agreed to the express terms of the Trust Agreement for the Employee Painters' Trust, under which corporate officers and those with authority over the decision to remit fringe benefit Contributions to the Trusts, like Fernando Rodriguez, are personally liable for Contributions and related damages owed to these Trusts, as follows:

> In recognition that individuals have responsibilities in a corporation which is a participating Employer in a Trust, and that contributions are for the welfare of covered employees, the responsible individuals in a corporation which is a participating Employer shall be individually liable for payment of contributions and other charges owing under this Article VIII. Therefore, in the event any corporate Participating Employer which is obligated to make contributions to the Trust fails to make such contributions, the President, the Treasurer, and any other corporate officer who is responsible for payment of contributions by the corporation to the Trust fund shall be each individually liable for the payment of contributions and any other amount due under this Article VIII, and under applicable Federal law, 29 U.S.C. Section 1132(g).

Employee Painters' Trust Amended and Restated Trust Agreement effective January 1, 2015, Article VIII Employer Contributions, Paragraph 8 Liability of Corporate Officers.

51.     Whereas Fernando Rodriguez is the primary owner, stockholder, director, officer, manager, governing person, principal and/or key employee of TRC, he is responsible for payment of Contributions and related damages by TRC to the Employee Painters' Trust and

CHRISTENSEN JAMES & MARTIN, CHTD.
7440 W. Sahara Ave., Las Vegas, NV 89117
P. (702) 255-1718 / wes@cjmlv.com
*Counsel for the Plaintiffs*

is obligated under the terms of the Trust Agreement to pay the unpaid Contributions, interest, liquidated damages, audit fees, attorney's fees and costs of this action.

52.     Plaintiffs have engaged the law firm of Christensen James & Martin to enforce the obligations identified herein and have incurred attorneys' fees and costs because of Defendants' breaches and failures described herein, which must be paid by Defendants pursuant to the CBA, Trust Agreements, 29 U.S.C. § 1132(g)(2), and governing law.

53.     Each of the Defendants are in some manner responsible for the actions, acts and omissions herein alleged and the damages caused to the Plaintiffs and are therefore jointly and severally liable for the damages set forth herein.

## FIRST CAUSE OF ACTION
### [Breach of Contract - 29 U.S.C. § 1132]

54.     Plaintiffs restate and reallege the above allegations as if fully set forth herein.

55.     By the terms of the CBAs and the Trust Agreements, TRC was required to remit reports and Contributions to the Plaintiffs for each hour of covered labor performed by its employees. These reports were to be filed monthly with the Trusts.

56.     TRC breached the CBA and Trust Agreements by failing to timely and fully remit the fringe benefit Contributions to the Trusts, as detailed above, resulting the Delinquency totaling at least $53,739.73, plus additional accrued interest, liquidated damages, attorney's fees and costs.

57.     Interest and liquidated damages will continue to accrue and be assessed on the unpaid contributions pursuant to the terms of the CBA, Trust Agreements, and ERISA, 29 U.S.C. 1132(g)(2).

58.     Pursuant to the CBA and the Trust Agreements, TRC agreed that in the event of any delinquency, TRC would pay, in addition to the delinquent Contributions, (i) interest

CHRISTENSEN JAMES & MARTIN, CHTD.
7440 W. Sahara Ave., Las Vegas, NV 89117
P. (702) 255-1718 / wes@cjmlv.com
*Counsel for the Plaintiffs*

thereon at the rates established under the CBA or Trust Agreements, or at the legal rate, whichever is greater; (ii) liquidated damages thereon in an amount set by the CBA or Trust Agreements, or as otherwise provided or by law; and (iii) all legal and auditing costs in connection therewith, whether incurred before or after litigation is commenced.

59.     TRC is liable to the Trusts under the CBA, Trust Agreements, and 29 U.S.C. 1132(g)(2) for all unpaid Contributions, interest, liquidated damages, attorney's fees, and costs.

60.     Upon entry of judgment, the Plaintiffs are entitled to post-judgment interest at the rate(s) set forth in the CBA, Trust Agreements, or the highest rate allowed by law.

61.     Pursuant to the terms of the CBA and Trust Agreements, the Plaintiffs are entitled to an Order requiring TRC to submit its records for a payroll compliance review of the Second Audit Period and for payment of any amount determined to be due.

62.     Pursuant to the terms of the Trust Agreements, the Plaintiffs are entitled to an Order requiring TRC to post a fringe benefit bond to secure the payment of past, present, and future contributions and/or related charges, including interest, liquidated damages, audit fees, attorney's fees, and costs.

### SECOND CAUSE OF ACTION
### [Violation of ERISA - 29 U.S.C. § 1145]

63.     Plaintiffs restate and reallege the above allegations as if fully set forth herein.

64.     By failing to report and pay Contributions to the Plaintiffs in accordance with the CBA, TRC has violated ERISA [29 U.S.C. § 1145]. In accordance with the terms of the CBA, and pursuant to Section 502(g)(2) and 515 of ERISA [29 U.S.C. §§ 1132(g)(2) and 1145], Plaintiffs are entitled to payment of the Delinquency and all Contributions determined to be due, as well as liquidated damages, interest, audit costs, attorneys' fees, and costs incurred in enforcing the terms of the CBA and Trust Agreements, and such other legal and equitable relief

Complaint
CASE NO.
Page 13

CHRISTENSEN JAMES & MARTIN, CHTD.
7440 W. Sahara Ave., Las Vegas, NV 89117
P. (702) 255-1718 / wes@cjmlv.com
*Counsel for the Plaintiffs*

as the Court deems appropriate.

65.    Under 29 U.S.C. § 1132(g)(2)(C), in addition to the interest owed under 29 U.S.C. § 1132(g)(2)(B), the Plaintiffs are entitled to an amount equal to the interest or liquidated damages calculated according to the terms of the governing agreements, whichever is greater.

66.    Pursuant to 29 U.S.C. § 1132(g)(2)(E), the Trusts are entitled to such other equitable relief as the Court deems appropriate, including but not limited to an order compelling the Defendants to submit monthly remittance reports to the Trusts, provide the Trusts with an employee benefit bond, and submit its records to the Trusts for an audit of the Second Audit Period.

67.    The contract breaches and violations of ERISA identified above harm the Plaintiffs and place at risk the Plaintiffs' ability to provide required employee benefits to their beneficiaries.

68.    Plaintiffs' remedies at law are not sufficient to adequately compensate the Plaintiffs or their beneficiaries from past harm caused by said violations, or to protect them from the harm or threat of harm caused by similar future violations.

69.    Plaintiffs are likely to prevail on the merits of their claims.

70.    Plaintiffs are entitled to injunctive relief pursuant to 29 U.S.C. § 1132(a)(3) and other applicable law affirmatively compelling TRC to timely submit all monthly remittance reports, pay all contribution amounts and related damages to the Plaintiffs, comply with an audit, and submit a fringe benefit bond or other acceptable security in compliance with its obligations under the CBA.

71.    Plaintiffs are entitled to all remedies provided by ERISA as and for compensation for the Defendants' violations.

Complaint
CASE NO.
Page 14

CHRISTENSEN JAMES & MARTIN, CHTD.
7440 W. Sahara Ave., Las Vegas, NV 89117
P. (702) 255-1718 / wes@cjmlv.com
Counsel for the Plaintiffs

**THIRD CAUSE OF ACTION**
**[Personal Liability – Fernando Rodriguez]**

72.    Plaintiffs restate and reallege the above allegations as if fully set forth herein.

73.    The CBA incorporates the terms of the Trust Agreements governing the Trust Funds.

74.    The Trust Agreement for the Plaintiff Employee Painters' Trust contains an express provision imposing personal liability for unpaid contribution and related damages on the President, Treasurer, or other corporate officer of the employer responsible for payment of Contributions for an employer required to make such Contributions.

75.    At all times material herein, Fernando Rodriguez, as the owner, officer, director, and governor of TRC, was responsible for making payment of Contributions to the Plaintiffs, became personally and individually bound and liable to the Employee Painters Trust pursuant to the express terms of its Trust Agreement for the Contributions and related damages owed to the Employee Painters' Trust by TRC.

76.    Fernando Rodriguez is personally liable for all unpaid fringe benefit Contributions and contract damages, plus accruing interest, liquidated damages, attorney's fees and costs of suit, and audit costs owed by TRC to the Employee Painters' Trust.

**PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiffs pray for Judgment against Defendants, and each of them, jointly and severally, as follows:

1.    For damages for breach of contract in an amount to be proven at trial;

2.    For the Court's Order compelling TRC to deliver or make available to Plaintiffs all information and documents necessary to permit the Plaintiffs' auditors to perform payroll

CHRISTENSEN JAMES & MARTIN, CHTD.
7440 W. Sahara Ave., Las Vegas, NV 89117
P. (702) 255-1718 / wes@cjmlv.com
*Counsel for the Plaintiffs*

compliance audits deemed necessary and proper by the Plaintiffs, including for the Second Audit Period;

3.    For the Court's Order compelling TRC to deliver to the Plaintiffs monthly remittance reports detailing all covered work performed;

4.    For the Court's Order affirmatively compelling TRC to abide by the terms of the CBA and Trust Agreements, including, but not limited to, submitting and paying accurate monthly contribution remittance reports and contribution amounts to the Plaintiffs on a timely basis;

5.    For the Court's Order enjoining TRC from failing to timely pay the Plaintiffs future contribution amounts, as they become due;

6.    For the Court's Order affirmatively compelling TRC to submit a fringe benefit bond or other acceptable security in compliance with its obligations under the CBA;

7.    For unpaid fringe benefit Contributions as set forth herein, discovered by audit, or accrued prior to entry of judgment;

8.    For damages for breach of contract and violation of ERISA;

9.    For liquidated damages on late-paid or unpaid Contributions in accordance with the CBA, Trust Agreements, Policies, 29 U.S.C. § 1132(g)(2), and applicable law;

10.    For accrued interest on all unpaid Contributions and damages from their due dates until paid in accordance with the CBA, Trust Agreements, Policies, 29 U.S.C. § 1132(g)(2), and applicable law;

11.    For the Plaintiffs' audit costs;

12.    For Plaintiffs' reasonable attorney's fees incurred related to the Defendants' delinquencies described herein;

Complaint
CASE NO.
Page 16

CHRISTENSEN JAMES & MARTIN, CHTD.
7440 W. Sahara Ave., Las Vegas, NV 89117
P. (702) 255-1718 / wes@cjmlv.com
*Counsel for the Plaintiffs*

13.    For the Plaintiffs' costs of suit incurred herein;

14.    For such additional relief as may be provided for by 29 U.S.C. § 1132; and

15.    For such additional relief as this Court may deem just and proper.


Dated:  July 9, 2026                          **CHRISTENSEN JAMES & MARTIN, CHTD.**

                                              */s/ Wesley J, Smith*
                                              Wesley J. Smith, Esq., OSB No. 252997
                                              *Attorneys for Plaintiffs*

Complaint
CASE NO.
Page 17

CHRISTENSEN JAMES & MARTIN, CHTD.
7440 W. Sahara Ave., Las Vegas, NV 89117
P. (702) 255-1718 / wes@cjmlv.com
*Counsel for the Plaintiffs*